UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NSJ Investors, LLC,

Plaintiff,

v.

TH/North San Jose, LLC,
Citicorp North America, Inc.,
Louis S. Caiola, Louis Cortese,
and Tishman/Heskin Partners,

Defendants.

Civ. File No. 01-1932 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on a Motion for Contempt filed by Defendants TH/North San Jose and Tishman/Heskin Partners. For the reasons that follow, the Motion is denied.

**BACKGROUND**

In October 2001, this Court granted the motion of Plaintiff NSJ Investors, LLC ("NSJ") for an interpleader of certain disputed sums of money. In the order granting the interpleader, the Court also enjoined all of the parties from instituting litigation involving the money in any other forum. On May 15, 2002, Caiola and Cortese filed a lawsuit in the Southern District of New York (the "SDNY action") against TH/North San Jose ("TH/North"). According to TH/North, this lawsuit violates the Court's proscription against instituting litigation involving the interpleaded funds.

JUN 1 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

NSJ is a limited-liability company formed by several investors to purchase, develop, lease, and eventually re-sell commercial property in San Jose, California. The investors (also called "Members") in the company include Caiola and Cortese, Citicorp North America, TH/North, and Tishman/Heskin Partners. In the LLC Agreement for NSJ, TH/North was designated as the Managing Member of the company.

The underlying dispute in this case involves the distribution of proceeds and rent from the property. Caiola and Cortese assert that the LLC Agreement mandates that the rent proceeds be distributed according to each Member's percentage interest in NSJ. TH/North and Tishman/Heskin Partners contend that the proceeds should be distributed according to each Member's residual percentage interest in NSJ.

The SDNY action contends that several actions taken by TH/North violate the LLC Agreement and violate TH/North's fiduciary duties to the non-managing Members of NSJ. According to TH/North, resolution of the SDNY action will require that court to resolve matters that are at issue in this litigation. TH/North asks the Court to hold Caiola and Cortese in contempt of the October 2001 Order, to order Caiola and Cortese to dismiss the SDNY action with prejudice, and to order Caiola and Cortese to cease in their efforts to have TH/North removed as Managing Member of NSJ.

**DISCUSSION**

In order to prove contempt, TH/North must demonstrate by clear and convincing evidence that Caiola and Cortese's institution of the SDNY action violates this Court's Order.

Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000). A contempt motion will not be granted when the order has been substantially complied with in good faith. See Southern Ry. Co. v. Bhd. of Locomotive Firemen, 337 F.2d 127, 135 (D.C. Cir. 1964).

The October 2001 Order prohibits any defendant "from instituting or prosccuting any proceeding in any State or United States Court affecting the Funds or the obligations or claims involved in this action . . . ." TH/North contends that the claims Caiola and Cortese raise in the SDNY action will necessarily require that court to determine the merits of some of the claims involved in this action.

As an initial matter, TH/North neglects to point out that the complaint in the SDNY action specifically references this action and disavows any intent to interfere with the claims involved in the interpleader. (See SDNY Compl. ¶¶ 33, 34.) While the presence of those paragraphs is certainly not dispositive on the issue of whether the SDNY action violates this Court's Order, the explicit reference to the interpleader action in the SDNY complaint is evidence that Caiola and Cortese are not acting in bad faith.

According to Caiola and Cortese, the claims in the SDNY action will not affect the claims or the funds in the instant action. In their complaint, Caiola and Cortese raise claims for alleged breaches of fiduciary duties and breaches of contract by TH/North as Managing Member of NSJ and seek monetary damages from TH/North for these alleged breaches. The practical effect of the alleged breaches is that Caiola and Cortese believe they have the right

under the LLC Agreement to remove TH/North as Managing Member of NSJ. Caiola and Cortese point out that they have raised similar claims as cross-claims in the interpleader action, and TH/North has moved to dismiss those cross-claims contending that the Court is without jurisdiction in an interpleader action to consider those sorts of claims. TH/North's position in this Motion for Contempt is contrary to its motion to dismiss the cross-claims.

The SDNY action claims that TH/North has breached its duties to the other Members of NSJ and has violated the terms of the LLC Agreement by: (1) using its position as Managing Member to further its own position in the interpleader action; (2) failing to allow Caiola and Cortese to review NSJ's tax returns as required by the LLC Agreement, which allegedly caused Caiola and Cortese to face tax penalties; and (3) mismanaging the refinancing of NSJ's mortgage to the benefit of TH/North but to the detriment of the other Members of NSJ. The only claim that is facially related to the interpleader action is the first claim. However, that claim is not that TH/North's position in the interpleader is wrong, but only that TH/North is wrongfully causing NSJ to take any position at all in the interpleader action. Whether or not TH/North's position in the interpleader is correct, Caiola and Cortese contend that it has breached its duties as Managing Member by forcing NSJ to take a position. A ruling on this claim will not affect any of the claims before this Court.

Similarly, neither the tax claim nor the refinancing claim have any bearing on the fund at issue in the interpleader action. Although Caiola and Cortese use the dispute underlying the interpleader action as part of the factual basis for their claims in the SDNY action, those

facts do not have to be proved in order to prove their claims in the SDNY action. The New York court must decide only whether TH/North's failure to show Caiola the tax returns and failure to inform Caiola and Cortese of the refinancing breached TH/North's fiduciary duties to the non-managing Members or breached the terms of the LLC Agreement. It is of no moment whether the tax returns reflected the correct distribution of rent proceeds or not.

TH/North has failed to show that the SDNY action is in violation of this Court's October 2001, Order. Caiola and Cortese are not in contempt of that Order.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that TH/North's Motion for Contempt (Clerk Doc. No. 42) is **DENIED**.

Dated: June 17, 2002

Paul A. Magnuson
United States District Court Judge